**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

SORIN GROUP USA, INC.,                    Case No. 14-4023 (JRT/JSM)

                Plaintiff,

v.                                       **ORDER AFFIRMING ORDER**
                                          **OF MAGISTRATE JUDGE**
ST. JUDE MEDICAL, S.C., INC.,            **DATED NOVEMBER 2, 2016**

                Defendant.

---

    Jared B. Briant, **FAEGRE BAKER DANIELS LLP,** 3200 Wells Fargo Center, 1700 Lincoln Street, Denver, CO 80203, and James W. Poradek, Katherine S. Razavi, Timothy M. Sullivan, and Patrick Bottini, **FAEGRE BAKER DANIELS LLP,** 90 South Seventh Street, Suite 2200, Minneapolis, MN 55402, for plaintiff.

    Joseph W. Hammell and JoLynn M. Markison, **DORSEY & WHITNEY LLP,** 50 South Sixth Street, Suite 1500, Minneapolis, MN 55402, for defendant.

On September 22, 2016, Defendant St. Jude Medical, S.C., Inc. ("St. Jude") filed a motion for an order granting leave to take the depositions of Dr. Christiano Caldeira and Dr. Ernesto Jimenez. Counsel for Plaintiff Sorin Group USA, Inc. ("Sorin") objected to the new depositions at this late stage, just weeks before trial. United States Magistrate Judge Janie S. Mayeron orally denied St. Jude's motion on October 17, 2016, indicating she would file a written order explaining her reasoning. On October 26, 2016, before the Magistrate Judge filed her written order, St. Jude filed objections to the denial of its

motion. The Magistrate Judge then filed a written order on November 2, 2016. The Court will affirm the Magistrate Judge's order denying St. Jude's motion.

## BACKGROUND[1]

St. Jude and Sorin are competitors in the market for heart valves and related products. (Mem. Op. & Order on Def.'s Mot. for Summ. J. & Pl.'s Mot. to Exclude Expert Test. ("Summ. J. Order") at 2, Mar. 31, 2016, Docket No. 167.) This case involves two former Sorin employees, Danna Homan and John Mitch Tracy. (*Id.* at 1-2.) In its Complaint, Sorin alleges St. Jude recruited Homan and Tracy, intending for both to breach their contractual obligations to Sorin and, thereby, compete with Sorin. (Second Am. Compl. ¶ 4, Oct. 5, 2015, Docket No. 120.)

St. Jude served its first set of interrogatories on Sorin in February 2015. (Decl. of Joseph W. Hammell ("Hammell Decl."), Ex. F, Sept. 22, 2016, Docket No. 177.) In March 2015, Sorin responded and identified Dr. Caldeira and Dr. Jimenez as "accounts for which Homan was responsible." (Decl. of Jared B. Briant ("Briant Decl."), Ex. A at 2, Sept. 29, 2016, Docket No. 182; *id.*, Ex. C at 3-4.) After that date, various deponents discussed the relevance of Dr. Caldeira and Dr. Jimenez to the lawsuit. (Hammell Decl., Ex. H (Tracy deposition on May 12, 2015, referencing Dr. Caldeira and Dr. Jimenez more than 50 times); Briant Decl., Ex. D at 4-6 (Chad Randall deposition on July 16,

---

[1] The Court recites facts here only to the extent necessary to rule on St. Jude's motion. A more thorough factual background is available in the Magistrate Judge's order denying St. Jude's motion (Order, Nov. 2, 2016, Docket No. 241) and the Court's March 31, 2016 order denying summary judgment (Mem. Op. & Order on Def.'s Mot. for Summ. J. & Pl.'s Mot. to Exclude Expert Test. ("Summ. J. Order"), Mar. 31, 2016, Docket No. 167).

2015, referencing Dr. Caldeira and Dr. Jimenez); *id.*, Ex. E at 4-6 (Julia Marquardt deposition on July 15, 2015, referencing Dr. Caldeira numerous times)).

Fact discovery closed on August 10, 2015.  (Order Granting Joint Stipulation to Modify Scheduling Order, July 23, 2015, Docket No. 87.)  The same day, Sorin moved to amend its complaint to add a claim for punitive damages based largely on Sorin's loss of Dr. Caldeira's business.  (Pl.'s Mot. to Amend to Add Punitive Damages, Aug. 10, 2015, Docket No. 88; *see also* Briant Decl., Ex. A at 2.)  On August 14, 2015, the parties exchanged expert reports and Sorin's expert analyzed damages flowing from the loss of both Dr. Caldeira's and Dr. Jimenez's business.  (Hammell Decl., Ex. A.)

On August 20, 2015, St. Jude moved for summary judgment.  (Def.'s Mot. for Summ. J., Aug. 20, 2015, Docket No. 102.)  To support its motion, St. Jude submitted declarations from both Dr. Caldeira and Dr. Jimenez.  (*See* Decl. of Dr. Christiano C. Caldeira, Oct. 19, 2015, Docket No. 129; Decl. of Dr. Ernesto Jimenez, Oct. 19, 2015, Docket No. 132.)  Sorin objected to the declarations, but the Court considered the declarations as part of the motion for summary judgment.  (Summ. J. Order at 20 n.6.)

In May 2016, Sorin and St. Jude almost agreed to stipulate that Sorin would depose Dr. Caldeira and Dr. Jimenez, (Hammell Decl., Ex. C), but Sorin ultimately decided it did not want to take the depositions, (*id.*, Ex. D).  In June 2016, the Court held a settlement conference, but the parties did not reach a settlement.  After unsuccessful settlement negotiations, St. Jude spoke to Dr. Caldeira and Dr. Jimenez about testifying at trial.  (*Id.* ¶ 6.)  Both declined to travel to Minnesota for the November trial date but indicated to St. Jude that they would sit for a deposition in their states of residence.  (*Id.*)

On August 12, 2016, St. Jude informed Sorin it intended to take the depositions of Dr. Caldeira and Dr. Jimenez; Sorin's counsel objected. (*Id.*, Ex. E.) On September 22, 2016, St. Jude filed a motion for an order granting leave to take Dr. Caldeira's and Dr. Jimenez's depositions. (Def.'s Mot. for Leave to Take the Trial Deps. of Dr. Caldeira and Dr. Jimenez ("Mot. to Depose"), Sept. 22, 2016, Docket No. 174.) The Magistrate Judge orally denied St. Jude's motion, indicating a written order would follow. (Decl. of JoLynn M. Markison ("Markison Decl."), Ex. A at 35-36, Oct. 26, 2016, Docket No. 192.) St. Jude filed objections to the Magistrate Judge's order denying St. Jude's motion prior to the Magistrate Judge issuing a written order. (Def.'s Objs., Oct. 26, 2016, Docket No. 191.)

The Magistrate Judge filed a written order denying St. Jude's motion on November 2, 2016. (Order ("Magistrate Judge Order"), Nov. 2, 2016, Docket No. 241.) The Magistrate Judge found, as relevant to this appeal: (1) the Fed. R. Civ. P. 16(b)(4) standard applies to the consideration of this motion; (2) St. Jude failed to meet this standard because it acted with a "palpable" lack of diligence in attempting to take Dr. Caldeira's and Dr. Jimenez's depositions; and (3) Sorin would be prejudiced if the Court permitted St. Jude to take Dr. Caldeira's and Dr. Jimenez's depositions this close to trial. (*Id.* at 19-23, 29.) For the reasons set forth below, the Court will affirm the Magistrate Judge's decision to deny St. Jude's motion.

## ANALYSIS

### I. STANDARD OF REVIEW

The standard of review applicable to an appeal of a Magistrate Judge's order on nondispositive pretrial matters is extremely deferential. *Roble v. Celestica Corp.*, 627 F. Supp. 2d 1008, 1014 (D. Minn. 2007). This Court will reverse such an order only if it is clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); D. Minn. LR 72.2(a). "A finding is clearly erroneous when 'although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Lisdahl v. Mayo Found.*, 633 F.3d 712, 717 (8th Cir. 2011) (quoting *Anderson v. City of Bessemer City*, 470 U.S. 564, 573 (1985)). "A decision is contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure." *Knutson v. Blue Cross & Blue Shield of Minn.*, 254 F.R.D. 554, 556 (D. Minn. 2008) (internal quotation marks and citation omitted).

### II. THE MAGISTRATE JUDGE APPLIED THE PROPER LEGAL STANDARD

St. Jude first argues this Court should set aside the Magistrate Judge's order because it is contrary to law. Namely, St. Jude asserts the Magistrate Judge erroneously relied on caselaw evaluating motions to amend the pretrial scheduling order under Rule 16(b)(4) and, instead, should have relied on caselaw evaluating the exclusion of trial testimony. St. Jude reasons that even though "[t]echnically the [Magistrate Judge's] Order does not exclude testimony, . . . the practical effect is the same, and the Magistrate Judge ignored that reality." (Def.'s Objs. at 8; *see also* Def.'s Reply in Supp. of Its Objs.

to Magistrate Judge Order at 3, Nov. 7, 2016, Docket No. 246 ("Denying these depositions effectively excludes the witnesses . . . .").)

But, as thoroughly addressed by the Magistrate Judge, the caselaw St. Jude cites is distinguishable. Most importantly, unlike the cases St. Jude has cited (*see* Def.'s Objs. at 9-12), St. Jude's motion does not relate to permitting a witness to testify at trial. *See Rothermel v. Ga.-Pac. Corp.*, No. 95-2253, 1996 WL 91925, at *6-7 (8th Cir. Mar. 5, 1996) (concluding a district court did not abuse its discretion ordering a telephonic deposition **during trial** for the sole purpose of providing rebuttal testimony); *Morfeld v. Kehm*, 803 F.2d 1452, 1455 (8th Cir. 1986) (concluding a district court abused its discretion when denying a party's request to call as a witness **at trial** the defendant himself, though he was not included on an opponent's pretrial witness list, when the defendant **was included** on his own counsel's witness list); *Patterson v. F.W. Woolworth Co.*, 786 F.2d 874, 879 (8th Cir. 1986) (concluding a district court did not abuse its discretion in permitting testimony from an expert witness **at trial** when the disclosure did not comply with the pretrial order but the opposing party did not object to the late disclosure and had a chance to depose the late-disclosed expert witness before trial).

Here, while phrased as a motion for leave to take "trial depositions," St. Jude seeks to take depositions prior to trial. The Court has held that there is "no difference" between "discovery depositions and deposition for use at trial." *Henkel v. XIM Prods., Inc.*, 133 F.R.D. 556, 557 (D. Minn. 1991). Accordingly, if a party wishes to take a deposition prior to trial, standard discovery rules apply, including compliance with the pretrial scheduling order. *See id.* ("Depositions are a discovery device . . . ."); *Insignia*

*Sys., Inc. v. News Am. Mktg. In-Store, Inc.*, No. 04-4213, 2011 WL 282632, at *2 (D. Minn. Jan. 26, 2011) (Tunheim, J.) (citing *Henkel* for the proposition that "the pretrial schedule governs the time for taking depositions where the purpose of the deposition is to preserve testimony for trial," and "defendants [who] had an opportunity to depose [a] witness, and chose not to do so, [cannot] go outside the pretrial schedule and depose him at a 'trial deposition' shortly before trial" absent a compelling reason).

Consequently, the Magistrate Judge's interpretation of St. Jude's motion as a Rule 16(b)(4) motion to amend the pretrial scheduling order is not "contrary to law." In fact, St. Jude specifically asked the Magistrate Judge to apply the Rule 16(b)(4) standard in its memorandum in support of this motion. (Mem. in Supp. of Mot. to Depose. at 8, Oct. 17, 2016, Docket No. 187 (stating the motion is governed by Rule 16(b)(4) and that the pretrial scheduling order can be modified upon a showing of "good cause").)

Therefore, the Magistrate Judge's application of the Rule 16(b)(4) standard is not contrary to law and the Court will not reverse on this ground.

### III.  THE MAGISTRATE JUDGE'S FINDINGS OF FACT ARE NOT CLEARLY ERRONEOUS

St. Jude also argues the Magistrate Judge's findings of fact are clearly erroneous. St. Jude asserts that it was unable to depose Dr. Caldeira and Dr. Jimenez until after the discovery period ended and it had "good reasons" to wait until September 2016 to seek leave to take the depositions.

Under Rule 16(b)(4), the Court may modify a pretrial scheduling order "for good cause." *See also* D. Minn. LR 16.3(b). "The primary measure of good cause is the

movant's diligence in attempting to meet the order's requirements." *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 716-17 (8th Cir. 2008) (quoting *Rahn v. Hawkins*, 464 F.3d 813, 822 (8th Cir.2006)).

Here, the Magistrate Judge's finding that St. Jude's "lack of diligence" was "palpable," (Magistrate Judge Order at 20), is not clearly erroneous. As laid out in detail above, St. Jude had numerous opportunities, both before and after the close of discovery, where it could have deposed, or successfully sought leave to depose, Dr. Caldeira and Dr. Jimenez. Prior to discovery, St. Jude could have deposed Dr. Caldeira and Dr. Jimenez: (1) after March 2015 when Sorin named the doctors as "accounts for which Homan was responsible"; or (2) in summer 2015 when multiple deponents discussed the doctors' importance. After discovery closed, St. Jude could have moved to amend the scheduling order and, likely, shown good cause: (1) in August 2015 when Sorin added a punitive damages claim based on Sorin's loss of Dr. Caldeira's and Dr. Jimenez's business; (2) after the parties exchanged expert reports on August 14, 2015; (3) after the Court denied St. Jude's motion for summary judgment in March 2016; or (4) in May 2016 when Sorin changed its mind about stipulating that it would depose Dr. Caldeira and Dr. Jimenez.

But St. Jude did not move for leave to amend the pretrial scheduling order on any of those dates. Instead, St. Jude waited until September 22, 2016 – more than four months after Sorin informed St. Jude, in May 2016, that it did not plan to depose Dr. Caldeira and Dr. Jimenez. And, by St. Jude's own admission, St. Jude's failure to make the motion earlier resulted from a series of tactical decisions based on its belief the

Court would grant summary judgment or the case would settle and a desire not to inconvenience Dr. Caldeira and Dr. Jimenez.  (Magistrate Judge Order at 17-19, 22; Mem. in Supp. of Mot. to Depose at 7; Markison Decl., Ex. A at 8-11.)  St. Jude's "'wait and see' approach is a tactical decision, and does not demonstrate diligent pursuit of discovery."  *Shukh v. Seagate Tech., LLC*, No. 10-404, 2013 WL 53835, at *5 (D. Minn. Jan. 3, 2013) (citing *Marmo v. Tyson Fresh Meats, Inc.*, 457 F.3d 748, 759–60 (8th Cir. 2006); *Watt v. All Clear Bus. Solutions, LLC*, 840 F. Supp. 2d 324, 326 (D.D.C. 2012)).  Therefore, the Magistrate Judge's finding that St. Jude failed to show "good cause" to amend the pretrial scheduling order is not clearly erroneous and the Court will not reverse on that ground.

Accordingly, the Court will deny St. Jude's objections to the Magistrate Judge's Order.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, the Court **OVERRULES** St. Jude's objections [Docket No. 191] and **AFFIRMS** the Magistrate Judge's Order dated November 2, 2016 [Docket No. 241].

DATED: November 10, 2016       s/John R. Tunheim  
at Minneapolis, Minnesota.      JOHN R. TUNHEIM  
     Chief Judge  
     United States District Court