# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| SORIN GROUP USA, INC., | Civ. No. 14-cv-04023 (JRT/HB) |
| Plaintiff, | **MEMORANDUM OPINION AND ORDER DENYING MOTION TO UNSEAL** |
| v. | |
| ST. JUDE MEDICAL S.C., INC., | |
| Defendant. | |

Jared B. Briant, **FAEGRE BAKER DANIELS LLP**, 3200 Wells Fargo Center 1700 Lincoln Street, Denver, CO 80203, for plaintiff.

Adam J. Combies and Matthew C. Hanson, **COMBIES HANSON, P.C.**, 12 Ericsson Street, Suite 201, Boston, MA 02122, for non-party William Plourde, et al.

Before the Court is non-party William Plourde and Freda Merill's (collectively, "Plourde") motion to unseal deposition transcripts filed with the court under a protective order. Plaintiff Sorin Group, USA ("Sorin") opposes the motion, arguing that it is procedurally flawed and, if not procedurally flawed, should nevertheless be denied on the merits. Because Sorin's countervailing interests outweigh the presumption of public access that may be attached to deposition transcripts, the Court will deny the motion.

## BACKGROUND

On September 26, 2014, Sorin brought this case (hereinafter "Minnesota case") against St. Jude Medical, Inc. ("St. Jude"), alleging various unfair competition claims

stemming from St. Jude's employment of two of Sorin's former sales executives.[1] (Compl. ¶¶ 1-5, 45-71, Sept. 26, 2014, Docket No. 1.) Sorin essentially alleged that St. Jude improperly induced the employees to leave Sorin. (*See generally* Compl.)

In response, St. Jude argued that the employees left Sorin because of "Sorin's lack of response to the negative publicity surrounding Mitroflow, and sales' reps' resulting inability to sell that product, which surgeons naturally no longer wanted to use." (St. Jude Medical, S.C., Inc.'s Statement of Case at 4, Oct. 31, 2016, Docket No. 219.) Mitroflow is a heart valve produced by Sorin which allegedly caused the death of a child in 2013. (*Id*. at 3.) St. Jude argued that the negative publicity and a subsequent negative review of the product caused the employees to seek employment with St. Jude, rather than any wrongful inducement by St. Jude itself. (*Id*. at 3-4.) The case went to a jury, which found in favor of St. Jude, and Sorin's post-trial appeal was dismissed by the Eighth Circuit. (Judgment, Dec. 9, 2016, Docket No. 284; USCA Judgment, Nov. 6, 2017, Docket No. 339.)

Plourde, a non-party to this case, brought a separate suit against Sorin in the United States District Court for the District of Massachusetts (hereinafter "Massachusetts case"). (Mem. in Support at 1, Feb. 19, 2019, Docket No. 342.) In that case, Plourde alleges that Sorin "under-reported and/or misrepresented product failures to the Food and Drug Administration" in regard to the Mitroflow heart valve. (Mem. in Support at 5.)

On February 19, 2019, Plourde filed a motion with the Court seeking to lift the seal on deposition transcripts of former Sorin employees. (Mot. to Lift the Seal of Dep. Trs.

---

[1] Specifically, Sorin alleged tortious interference with contract; inducing, aiding and abetting breach of legal duties; unjust enrichment and promissory estoppel. (Compl. ¶¶ 45-71.)

("Mot. to Lift"), Feb. 19, 2019, Docket No. 341.) Plourde argues that the testimony given by those employees will show that Sorin knew of problems with the Mitroflow heart valve, yet failed to properly report them to the FDA. (Mem. in Support at 6.) Specifically, Plourde requests unsealing of the following exhibits to the Declaration of Jared B. Briant (Docket No. 225):

1. Exhibit B (*FILED UNDER SEAL*): true and correct copy of the transcript from the deposition of Brett Butcher, taken July 31, 2015;

2. Exhibit C (*FILED UNDER SEAL*): true and correct copy of the transcript from the deposition of Patricia L. Carr, taken July 27, 2015;

3. Exhibit D (*FILED UNDER SEAL*): true and correct copy of the transcript from the deposition of Spencer Seibert, taken July 17, 2015;

4. Exhibit E (*FILED UNDER SEAL*): true and correct copy of the transcript from the deposition of Scott McCormick, taken June 9, 2015; and,

5. Exhibit G (*FILED UNDER SEAL*): true and correct copy of the transcript from the deposition of Brett Butcher, taken June 17, 2015.

(Mot. to Lift at 1-2.)

The depositions of these four former Sorin employees and one current Sorin employee were filed under seal pursuant to a Protective Order issued by Magistrate Judge Jeffrey J. Keyes. (Protective Order, Feb. 2, 2015, Docket No. 20; Aff. of Jared B. Briant ("Briant Aff.") at 1, Oct. 31, 2016, Docket No. 225-1 (indicating the exhibits were filed under seal pursuant to the Protective Order).) While the Magistrate Judge later denied a second protective order specifically regarding the former employees' depositions, the

Magistrate Judge indicated that those depositions would be covered under the existing Protective Order. (Mot. Hearing re 46 Mot. for Protective Order, 1, July 8, 2015, Docket No. 70; Transcript of July 8, 2015 Mots. Hearing at 20:8-9, July 22, 2015, Docket No. 85 (denying the motion for an additional protective order but stating "we do have a protective order in place, and you can be guided by that.").)

Before trial in the Minnesota case, Sorin moved *in limine* to exclude the testimony from the four former Sorin employees. (Pl.'s Mot. in Limine No. 2 to Exclude Dep. Test. Regarding Former Employees, Oct. 31, 2016, Docket No. 221.) The Court denied the motion, but cautioned the parties that "this is not going to be a trial about whether Mitroflow is a safe product or not. And I do think that the evidence is coming in to show customer or employee state of mind and the causal effect of the information and not for anything else." (Transcript of Mots. Hearing at 21:8-21:12, Dec. 14, 2016, Docket No. 287.) Ultimately, the deposition transcripts at issue were not offered as evidence at trial, in post-trial motions, or in the appeal of the case.

## DISCUSSION

### I. LEGAL STANDARDS

#### a. Permissive Intervention Standard for Non-Party Access to Judicial Records

Permissive intervention is the appropriate procedural vehicle for non-parties seeking access to judicial records in civil cases. *Flynt v. Lombardi*, 782 F.3d 963, 966 (8th Cir. 2015). Permissive intervention under Rule 24(b) normally requires showing: (1) an independent ground for jurisdiction, (2) timeliness of the motion, and (3) that the claim or

defense of the applicant shares a common question of law or fact with the main action. *Id.* However, the Eighth Circuit has joined other circuits in relaxing these requirements when interveners do not seek to become parties to the litigation. *Id.* at 967 (noting that, "where a party is seeking to intervene in a case for the limited purpose of unsealing judicial records, most circuits have found that 'there is no reason to require such a strong nexus of fact or law.'") (quoting *Beckman Indus., Inc. v. Int'l Ins. Co.,* 966 F.2d 470, 474 (9th Cir.1992)).

Where the potential intervention is for the limited purpose of unsealing judicial records or modifying a protective order, the Eighth Circuit does not require an independent basis of jurisdiction and has found the common interest requirement can be satisfied by the public's interest in judicial access. *Id*. ("[I]t is the public's interest in the confidentially of the judicial records that—'in the language of Rule 24(b)(2)—[is] a question of law . . . in common between the Parties [to the original suit] and the [would-be intervener].'") (quoting *Jessup v. Luther*, 227 F.3d 993, 999 (7th Cir. 2000)). Thus, intervention for the limited purpose of unsealing judicial records may be appropriate where there is a public right of access to judicial records.

### b. Judicial Records

While the Eighth Circuit "has not explicitly defined what constitutes 'judicial records[,]'" "documents that are relevant to and integrally involved in the resolution of the merits of a case" are generally deemed judicial records. *Krueger v. Ameriprise Fin., Inc.*, Civ. No. 11-2781 (SRN/JSM), 2014 WL 12597948, at *8–9 (D. Minn. Oct. 14, 2014) (collecting cases).

"There is a common-law right of access to judicial records," which applies to civil proceedings. *IDT Corp. v. eBay*, 709 F.3d 1220, 1222 (8th Cir. 2013) (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978)). "This right of access bolsters public confidence in the judicial system by allowing citizens to evaluate the reasonableness and fairness of judicial proceedings and 'to keep a watchful eye on the workings of public agencies.'" *Id.* (internal citations omitted) (quoting *Nixon*, 435 U.S. at 498).

However, this right of access is not absolute; instead, it "requires a weighing of competing interests." *Webster Groves Sc. Dist. v. Pulitzer Publ'g Co.*, 898 F.2d 1371, 1376 (8th Cir. 1990). A district court must balance "the degree to which sealing a judicial record would interfere with the interests served by the common-law right of access . . . against the salutary interests served by maintaining confidentiality of the information sought to be sealed." *IDT Corp.*, 709 F.3d at 1223. The weight afforded to the presumption of access is determined by the "role of the material at issue in the exercise of Article III judicial power and resultant value of such information to those monitoring the federal courts." *Id.* at 1224 (internal quotations omitted). Even though the "weight of the presumption [of public access] is low" when it "does not implicate the district court's exercise of judicial power, [the presumption] must nonetheless be overcome by some countervailing reason." *Skky, LLC v. Facebook, Inc.*, 191 F. Supp. 3d 977, 980 (D. Minn. 2016) (quotations omitted).

To determine if a party has overcome the public access presumption attached to judicial records, courts are guided by a six-factor test, first articulated in *United States v. Hubbard*, 650 F.2d 293, 318 (D.C. Cir. 1980). Those six factors are:

> (1) the need for public access to the documents at issue; (2) the extent of previous public access to the documents; (3) the fact that someone has objected to disclosure, and the identity of that person; (4) the strength of any property and privacy interests asserted; (5) the possibility of prejudice to those opposing disclosure; and (6) the purposes for which the documents were introduced during the judicial proceedings.

*Doe v. Exxon Mobile Corp.*, 570 F. Supp. 2d 49, 52 (D.D.C. 2008).

## II. ANALYSIS

Plourde has not moved to intervene under Rule 24(b), which, as discussed above, is the proper procedure for a non-party seeking access to judicial records in civil cases. Regardless, a proper motion for permissive intervention by Plourde would be denied. Even under the relaxed standard for permissive intervention, the common interest requirement is not satisfied. Any claim by Plourde that unsealing the deposition testimony is in the public's interest falls flat.

First, the deposition testimony at issue does not amount to a judicial record. It did not play an integral role in the determination of the Minnesota case as it was not introduced into evidence or discussed during open court in front of the jury.

Second, even assuming that the depositions were judicial records, the balance of competing interests would weigh in favor of preserving the seal. Because the deposition testimony at issue played no role in the determination of this case, the weight of the presumption of public access is low. *IDT Corp.*, 709 F.3d at 1224; *Skky, LLC v. Facebook, Inc.*, 191 F. Supp. 3d at 980. Indeed, this case is different from *Aviva Sports, Inc., v. Fingerhut Direct Mktg., Inc.*, where sealed discovery records "played a significant role" in the Court's deliberation. 960 F. Supp. 2d 1011, 1014 (D. Minn. 2013). There, the

presumption of public access was high, because "if the Court incorporated [the] proposed redactions, the Order would make little sense to anyone reading it, and the public would be unable to evaluate the reasonableness and fairness of the judicial proceedings in the case." *Id*. In contrast, Plourde seeks access to discovery records not used in the adjudication of the case. He therefore cannot claim that he seeks access to those records to assess the Court's holdings. Instead, Plourde seeks to comb the deposition transcripts to help him find evidence and develop a litigation strategy in the Massachusetts case.

Given the low weight of the presumption of public access, consideration of countervailing reasons and application of the *Hubbard* factors easily tip the balance toward maintaining confidentiality. First, "[t]he need for public access to the documents at issue" is slight. Unsealing these records would neither "allow citizens to evaluate the reasonableness and fairness of judicial proceedings" nor "provide[] a measure of accountability to the courts at large." *IDT Corp.*, 709 F.3d at 1222 (quoting *Nixon*, 435 U.S. at 498).

The second factor—the extent of previous public access—is neutral. However, this factor is less relevant where no previous access has occurred. *Schedin*, 2011 WL 1831597 at *2. Here, the deposition testimony was always subject to a protective order and never introduced into evidence. While these facts are not dispositive as to later public access, the deposition testimony here was never accessible to the public.

The remaining factors, however, favor protection of the deposition testimony. Sorin has objected to the disclosure of the testimony and has an interest in protecting the privacy interests implicated in the relationship between a company and its employees. Sorin has

also presented a persuasive argument that it will be prejudiced by disclosure of the transcripts. The deposition testimony was elicited for the sole purpose of understanding the state of mind of employees in an employment dispute, and Sorin did not have an opportunity—because it was not relevant to the case—to test the statements by the employees that the Mitroflow product was defective. However, that is precisely what Plourde seeks to prove in his Massachusetts case. Finally, because the judicial records were not introduced in the Minnesota case, the sixth factor— the purposes for which the documents were introduced during the judicial proceedings—weighs towards protection.

The testimony Plourde seeks may well be relevant to the tort claims in the Massachusetts case. However, the Court finds Plourde's argument for intervention and unsealing unpersuasive. Instead of seeking the transcripts for some public right, Plourde seeks them solely to assist himself in an unrelated and private case. Additionally, the Court notes that denial of this motion does not foreclose Plourde from obtaining the evidence he seeks. Plourde still has access to the sales executives and may depose them himself under normal discovery procedures pursuant to his Massachusetts case.

### ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that William Plourde and Freda Merill's Motion to Lift the Seal of Deposition Transcripts [Docket No. 341] is **DENIED**.

DATED: May 14, 2019  
at Minneapolis, Minnesota.

_____  
JOHN R. TUNHEIM  
Chief Judge  
United States District Court